UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS


YVETTE YURI LANUZA DIGAN
        Plaintiff

v.

HENRY PHARRIS, PI TAU ELDERS,
INC., ZETA PSI FRATERNITY, INC.,
and WORCESTER POLYTECHNIC
INSTITUTE
        Defendants

and                                        C.A. NO.:  4:25-CV-11448-MRG

HENRY PHARRIS
        Third Party Plaintiff

v.

JAMES GIKAS, ANDREW MITCHELL
and LUXCO, INC.
        Third Party Defendants

### ANSWER, WITH JURY CLAIM, OF THE THIRD PARTY DEFENDANT, JAMES GIKAS, TO THIRD PARTY COMPLAINT

1.  The third party defendant can neither admit nor deny the allegations of this paragraph as he has no personal knowledge of same.

2.  The third party defendant admits that plaintiff has made such allegations but to the extent any such allegations are directed at this answering third party defendant, such allegations are denied.

3.  The third party defendant can neither admit nor deny the allegations of this paragraph as he has no personal knowledge of same.

4.  The third party defendant can neither admit nor deny the allegations of this paragraph as he has no personal knowledge of same.

5.  The third party defendant can neither admit nor deny the allegations of this paragraph as he has no personal knowledge of same.

6.  The third party defendant can neither admit nor deny the allegations of this paragraph as he has no personal knowledge of same.

7.      The third party defendant admits he is a student at WPI and denies the remaining allegations of this paragraph.

8.      The third party defendant can neither admit nor deny the allegations of this paragraph as he has no personal knowledge of same.

9.      The third party defendant can neither admit nor deny the allegations of this paragraph as he has no personal knowledge of same.

## CLAIMS FOR CONTRIBUTION

10.     The third party defendant admits that plaintiff has made such allegations but to the extent any such allegations are directed at this answering third party defendant, all such allegations are denied.

11.     As this paragraph does not relate to this answering third party defendant, no answer is required.  To the extent that this paragraph makes any allegations against this third party defendant, all such allegations are denied.

12.     The third party defendant denies the allegations of this paragraph.

13.     The third party defendant denies the allegations of this paragraph.

14.     The third party defendant denies the allegations of this paragraph.

15.     The third party defendant denies the allegations of this paragraph.

16.     The third party defendant denies the allegations of this paragraph.

17.     As this paragraph does not relate to this answering third party defendant, no answer is required.  To the extent that this paragraph makes any allegations against this third party defendant, all such allegations are denied.

18.     As this paragraph does not relate to this answering third party defendant, no answer is required.  To the extent that this paragraph makes any allegations against this third party defendant, all such allegations are denied.

19.     The third party defendant denies the allegations of this paragraph.

## AFFIRMATIVE DEFENSES

1.      The Third Party Complaint fails to state a claim against the third party defendant upon which relief can be granted.

2.      The third party defendant says the act or acts or omission of act or acts alleged in the plaintiff's Complaint to be negligent, were committed, if at all, by a person for whose conduct the third party defendant was not legally responsible.

3. The third party defendant says the act or acts or omission of act or acts alleged in the Third Party Complaint to be negligent, were committed, if at all, by a person for whose conduct the third party defendant was not legally responsible.

4. The third party defendant denies that he was negligent or that his conduct caused the injuries or damages to the plaintiff.

5. The third party defendant says the plaintiff was comparatively negligent and that said negligence was greater than or equal to that of the third party defendant, barring her recovery.

6. The right of action set forth in the Complaint did not accrue within three (3) years next before the commencement of this action.

7. The third party defendant states that there has been an insufficiency of process.

8. The third party defendant states that there has been an insufficiency of service of process.

9. The plaintiff has failed to mitigate her damages and therefore her recovery is either barred or limited.


THIRD PARTY DEFENDANT, JAMES GIKAS, DEMANDS TRIAL BY JURY ON ALL ISSUES


Third Party Defendant,
James Gikas,
By his attorney,


/s/ Robin A. Maher
Robin A. Maher, Esquire
BBO #552790
**SEGALINI, NEVILLE & MAHER LLC**
465 Waverley Oaks Road
Waltham, MA 02452
Telephone (781) 891-0404
robin@sandn.com

<u>CERTIFICATE OF SERVICE</u>

I, Robin A. Maher, attorney for the above named third party defendant do say I caused a copy of the within to be emailed to:

Adam Clermont, Esquire
6 Liberty Square
Boston, MA 02109
aclermont@attorneyapc.com

Jeremia A. Pollard, Esquire
HANNON LERNER P.C.
184 Main Street
Lee, MA 01238
jpollard.hannonlerner@gmail.com

Mark C. Darling, Esquire
FULLER, ROSENBERG, PALMER & BELIVEAU
6 Park Avenue
Worcester, MA 01605
MDarling@frpb.com

Debbie L. Makris, Esquire
GETMAN, SCHULTHESS, STEERE & POULIN, P.A.
1838 Elm Street
Manchester, NH 03104
dmakris@gssp-lawyers.com

Daniel M. Rabinovitz, Esquire
MURPHY & KING, P.C.
28 State Street
Boston, MA 02109
drabinovitz@murphyking.com

William F. Burke, Esquire
PRINCE LOBEL TYE LLP
One International Place
Boston, MA 02110
wburke@princelobel.com

Daniel J. Cloherty, Esquire
Victoria L. Steinberg, Esquire
Kristine C. Oren, Esquire
CLOHERTY & STEINBERG LLP
One Financial Center
Boston, MA 02111
dcloherty@clohertysteinberg.com
vsteinberg@clohertysteinberg.com
koren@clohertysteinberg.com

Signed under the pains and penalties of perjury this 14th day of October, 2025.

/s/ *Robin A. Maher*